| |
|---|
| **Battle v 22 St Nicholas, LLC** |
| 2024 NY Slip Op 33580(U) |
| October 8, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 147/2023 |
| Judge: Richard Velasquez |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 66 of the Supreme
Court of the State of New York, held in
and for the County of Kings, at the
Courthouse, at 360 Adams Street,
Brooklyn, New York, on the 8th day of
October, 2024

PRESENT:
HON. RICHARD VELASQUEZ

                               Justice.

----------------------------------------------------------------------------X

AL CORT BATTLE,,

                          Plaintiff,

     -against-

22 ST NICHOLAS, LLC,

                          Defendants,

----------------------------------------------------------------------------X

Index No.: 147/2023
Decision and Order
Mot. Seq. No. 26, 28,29

The following *papers* NYSCEF Doc #'s _241_ to _286_ were read and considered on this motion:

After having come before the Court on July 31, 2024 and the Court having taken said motions on submission the court finds as follows:

Motion sequence number 26 is a motion requesting leave of the Court, to reargue and renew its decision dated May 10, 2024, in motion sequence no. 2, and granting any and all relief, that was requested in motion sequence no. 4; and/or (B) awarding the costs, disbursements, and reasonable fees in this proceeding. Plaintiff contends this court misapplied the law. Defendant partially opposes the same, but does not oppose the court reversing the denial of their sanctions request.

Motion sequence number 28 is a motion by the plaintiff pursuant to CPLR § 5015(A)[3] vacating this Court's May 10th, 2024 order, in the interests of substantial justice on the basis that plaintiff alleges Defendant defrauded this Court, into misapplying controlling principles of law, specifically the NY Court of Appeals held that the Supreme Court has concurrent jurisdiction with NY DHCR, over Plaintiff's first cause of action.;or

[* 1]

(B) as an alternative, consolidating this motion with motion sequence # 26, which is to reargue and renew this Court's decision stating that NYS DHCR has primary jurisdiction, of Plaintiff's first cause of action, where the Court misapplied controlling principles of law; or granting Plaintiff relief pursuant to a Court's inherent discretionary power, to vacate an order or judgment, in the interests of substantial justice, and awarding the costs, disbursements, and reasonable fees in this proceeding. Defendant opposes the same.

Motion sequence number 29 is a motion for numerous sanctions against defendants counsel.

## ANALYSIS

CPLR 2221 in pertinent part states: "(d) A motion for leave to reargue: 1. shall be identified specifically as such; 2. shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion; and 3. shall be made within thirty days after service of a copy of the order determining the prior motion and written notice of its entry. CPLR 2221(d)(2) articulates the standards previously outlined in the caselaw. A motion to reargue, it says: "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion but shall not include any matters of fact not offered on the prior motion. CPLR 2221.

Under the caselaw existing prior to the 1999 amendments, a motion for re-argument was often used when there was a change in the law after the prior order. CPLR 2221(e)(2) now clarifies that the motion to renew, not the motion to reargue, is the proper expedient when the motion is based on a change in the law that occurs while the case is still subjudice, such as a new statute taking effect or a definitive ruling on a relevant point of law being handed down by an appellate court that is entitled to stare decisis. *See*

[* 2]

*Siegel, New York Practice* 449 (4th ed. 2005). The distinction, made clear in the caselaw and now embodied in the statute, is that the motion to renew involves new proof while the motion to reargue does not; it merely seeks to convince the court that it overlooked or misapprehended something the first time around and ought to change its mind. NY CPLR 2221. Additionally, A court has inherent discretionary power to vacate an order or judgment in the interests of substantial justice. *See Woodson v. Mendon Leasing Corp.*, 100 NY2d 62, 760 NYS2d 727, 790 NE2d 1156 (2003).

In the present case, Plaintiff contends that in deciding the previous motion and dismissing the matter on collateral estoppel grounds, the Court overlooked or misapprehended relevant facts or misapplied controlling principles of law. The Court can find nothing in Plaintiff's renewal which indicates that the Court overlooked or misapprehended relevant facts or law at that time. Plaintiff fails to set forth any facts that the Court overlooked, however, but contend apparently that the Court misapplied controlling principles of law. The Court disagrees. As such plaintiffs motion to reargue is hereby denied.

CPLR 5015(a)(3) states in pertinent part; on motion by a party "the court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of (3) fraud, misrepresentation, or other misconduct of an adverse party." See CPLR 5015(a)(3). Plaintiff contends the court should vacate the May 10, 2024 decision on these grounds. The court finds nothing in the record that supports the plaintiff unsubstantiated fraud and misrepresentation claims. As such, plaintiff motion to vacate the May 10, 2024 order is hereby denied.

Pursuant to NY Ct Rules § 130-1.1. Costs; Sanctions (a) The court, in its discretion,

may award to any party or attorney in any civil action or proceeding before the court, except where prohibited by law, costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct as defined in this Part. In addition to or in lieu of awarding costs, the court, in its discretion may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct as defined in this Part, which shall be payable as provided in section 130-1.3 of this Part." NY Ct. R. 130-1.1 (McKinney). In the present case this court declines to award sanctions. As such this motion is hereby denied.

Accordingly, plaintiffs request to reargue is hereby denied. (MS#26). Plaintiffs request to vacate this courts decision dated May 10, 2024 is hereby denied in its entirety. (MS# 28). Plaintiffs motion for sanctions is hereby denied in its entirety. (MS#29). This constitutes the Decision/Order of the court.

Dated:     Brooklyn, New York
           October 8, 2024                    ENTER FORTHWITH:

                                              _____
                                              HON. RICHARD VELASQUEZ

                                              Hon. Richard Velasquez, JSC

                                              OCT 08 2024

[* 4]